### ALEXANDER v. McDONALD.

### No. 9758.

Circuit Court of Appeals, Fifth Circuit.

May 24, 1941.

Rehearing Denied July 14, 1941.

Carroll Dunscombe, of Stuart, Fla., for appellant.

No appearance was entered and no brief was filed on behalf of appellee.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On January 18, 1939, Neil Alexander, a farmer, applied for composition and extension of his debts under the provisions of Section 75 of the Bankruptcy Act, 11 U.S. C.A. § 203. The petition was approved and referred to a conciliation commissioner, and the court entered an order restraining all creditors from bringing or prosecuting suits against the debtor or his property. It appears that J. B. McDonald was Alexander's principal creditor; that his debt of approximately $400.00 was the majority in amount of Alexander's debts; and that McDonald, who had theretofore filed suit in the State court against Alexander, would not agree to a composition proposal. After the conciliation commissioner's report had been filed, Alexander amended his petition and prayed to be adjudged a bankrupt under Section 75, sub. s, 11 U.S.C.A. § 203, sub. s. On August 18, 1939, Alexander was adjudged a bankrupt and the case was referred to the conciliator as referee. On April 10, 1940, the referee filed a report wherein he briefly stated: "The undersigned having taken sworn testimony before him while acting as Conciliation Commissioner, and from such testimony finds that the said Neil Alexander has no title, legal or equitable, in Lot 7, Block 10 of Subdivision of Block

8 of Lincoln Park Subdivision of Stuart, Florida, but that legal title of said premises is in J. B. McDonald." No part of the purported testimony appears in the record.

After this report of the referee was filed, the court on motion of McDonald vacated the stay order which had restrained him from proceeding with his unlawful detainer action against Alexander in the State court. Alexander sought to have the referee's finding and the court's vacation of the stay order set aside. He contended that he had never been given opportunity to present evidence of his title, and had not been heard in the matter although he had offered to prove that he was the owner of the land. The court refused to set aside its order and thereupon entered its decree confirming the report of the referee and dismissing McDonald from the bankruptcy proceeding. Petition for rehearing was filed and Alexander reiterated his contentions: "That if any hearing was ever held in this cause to take testimony as to the title of the petitioner to the ownership of Lot Seven (7), Block Ten (10) of Lincoln Park or any other property of the petitioner, neither the petitioner or his attorney ever received any notice of such hearing and never attended it"; that no notice of the application to dissolve the restraining order was ever given to him or his attorney; and that the first notice he ever received of these ex parte proceedings was when he was cited to appear in the State court "on the ground that the said restraining order had been dissolved." Rehearing was denied and the bankrupt thereupon perfected his appeal to this court in forma pauperis.

The appellee did not file a brief and the case was submitted without oral argument on the record and brief of the appellant. The record is brief and contains only the pleadings and orders in the case and several exhibits. We have carefully examined the record and have failed to find that Alexander was ever given a hearing or ever notified of any hearing or proceeding affecting his alleged title to the land. All that appears is the unsupported report of the referee in which he states that at some previous time while acting as conciliation commissioner he heard sworn testimony which convinced him that title to the land was in McDonald. This will not do. Title to property claimed to be owned by a bankrupt may not be adjudicated in such way. Alexander was and is

entitled to have notice of any hearing affecting title to the land so that he might have opportunity to present whatever evidence of title he might have, with the proceeding subject to review by the District Court. Any other method of proceeding would be a sheer denial of due process of law.

The judgment is reversed and the cause remanded with direction that the restraining order be reinstated and the case reopened so that a proper hearing may be had to determine the right, title, and interest of the bankrupt in and to the land claimed by him. After such determination of title has been made the court will enter such orders and decree as may be necessary to carry out the provisions of Section 75.

Reversed and remanded.