**In the Matter of Joe E. STEPHENS, Jr., and Lige E. Stephens, dba Stephens Brothers, Debtors.**

**No. 2679.**

United States District Court
S. D. Texas,
Houston Division.

Sept. 14, 1961.

**202**

James E. Faulkner, Coldsprings, Tex., for debtors.

Thomas B. Blanchard, Houston, Tex., referee in bankruptcy.

INGRAHAM, District Judge.

The case is before the court on motion of debtors to reinstate proceedings.

On July 12, 1961, Joe E. Stephens, Jr. and Lige E. Stephens, dba Stephens Brothers, filed their voluntary petition in bankruptcy. It was referred by the clerk on the same date to Honorable Thomas B. Blanchard, Referee in Bankruptcy.

It appears that the Referee on July 25, 1961, gave notice by United States Mail to the debtors and their attorney to appear at 1:00 P.M. on July 28, 1961, to show cause why the Referee should not dismiss the proceeding because of insufficiency of the debtors' pleadings. At 1:15 P.M. on July 28, 1961, no appearance being made by the debtors, the Referee, on his own motion, did dismiss the proceedings. The Referee's order recites dismissal of the petition "for the reason that the said petition is insufficient to invoke the jurisdiction of this Court, and because the Debtors' petition was not filed in triplicate, and because said petition is not in accordance with the rules set out in Chapter XI of the Bankruptcy Act." It does not recite in what respect

the petition is insufficient to invoke jurisdiction of the court or in what respect it is not in accordance with the rules. The Referee is mistaken in his recitation that the debtors' petition was not filed in triplicate.

■■ It is my opinion that the debtors were not afforded adequate notice to appear and show cause before the Referee why their petition should not be dismissed. Due process of law, simply stated, is adequate notice and an opportunity to be heard.[1] The shortest notice statute or rule, of which I am aware, is five days. I here quote Rule 6(d) and (e) of the Federal Rules of Civil Procedure:

"(d) For Motions—Affidavits. A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in Rule 59(c), opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time.

"(e) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

If we follow Rule 6(e), relating to service of notice by mail, the petition was dismissed on zero day. Applying these rules,

1. Mullhane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278. Grannis v. Ordean, 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363. Priest v. Las Vegas, 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751.

Roller v. Holly, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520. In re Rosser, 101 F. 562, 567 (C.C.A.Mo.1900). Wise v. Herzog, 72 App.D.C. 335, 114 F.2d 486 (1940). Alexander v. McDonald, 120 F.2d 72 (C.C.A.Fla.1941).

the debtors were not afforded adequate notice and an opportunity to be heard.

I am unable to discuss Referee's recitations that the petition is insufficient to invoke jurisdiction and that it is not in accordance with the rules as such insufficiency and non-accordance are not indicated. Discussion and ruling on these questions becomes unnecessary in view of the inadequacy of notice. The petition is not prepared on the standard printed schedule form as is the usual practice. I think it is fair to say that the work can be characterized as "sloppy" and, to say the least, difficult to examine and digest. This is a burden, in varying degrees, which the judges and referees are called on to endure. The schedules do list names and addresses of creditors. It is my opinion that the better practice would be for the Referee to issue notice to creditors, in the usual manner, and if the creditors, the interested parties, have any objections, exceptions or questions regarding jurisdiction, procedure or substance, they should be raised by appropriate motion specifying the failure or inadequacy and submitted in the usual manner after due notice.

It is ordered that the proceedings be and they are hereby reinstated and remanded to the Referee.