**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Milton James TAULBEE and Laura Arleen Taulbee, Witnesses, Defendants-Appellants.**

**Nos. 73-1277, 73-1278.**

United States Court of Appeals,
Ninth Circuit.

March 13, 1973.

David S. Maguire, of Eustice, Feeley & Maguire, Los Altos, Cal., for defendants-appellants.

A. William Olson, Asst. Atty. Gen., Robert L. Keuch, William M. Piatt, Attys., Internal Security Div., Dept. of Justice, Washington, D. C., James L. Browning, Jr., U.S. Atty., David P. Bancroft, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

## MEMORANDUM ORDER

Before CHAMBERS, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

These witnesses were held in contempt for refusal to testify before a federal grand jury in the Northern District of California. They had previously been granted immunity under 18 U.S.C. §§ 6002 et seq.

■ The Taulbees complain that they were denied adequate notice of both the contempt and immunity hearings. The Taulbees first refused to testify on January 23, 1973. They were informed at that time by the government's attorney that immunity would be sought. On January 30, they refused to answer the same questions. Later on January 30 the government applied to the district court for a grant of immunity under 18 U.S.C. §§ 6002 et seq. The court granted immunity on the same day. The witnesses persisted in their refusal to testify. On January 30, 1973, the court ordered the Taulbees to show cause why they should not be held in contempt. The show cause hearing was set for and held on January 31.

Under Rule 6(d) F.R.Civ.P. the district court had discretion to shorten time. Here there is no abuse of that discretion.

See United States v. Fitch, 472 F.2d 548 (9th Cir. 1973).

■ The Taulbees claim the marital privilege against testifying, relying on United States v. Weinberg, 439 F.2d 743 (9th Cir. 1971). The questions asked of the Taulbees did not intrude on privileged territory. The government attorney specifically instructed each witness to exclude information from their answers that might in any way relate to the other spouse.

Relying on Bursey v. United States, 466 F.2d 1059 (9th Cir. 1972), the Taulbees claim that some of the questions were an infringement on their First Amendment rights. The claim is not amplified, and we can see no such infringement.

■ The Taulbees claim a right to see their prior statements to F.B.I. agents made during the course of an investigation. They have no right to such statements not transcribed and given under oath. See Fitch, supra, at note 4.

The government denied wiretapping both the witnesses and their attorney. This was sufficient here. The government attorney also swore that he knew the sources on which all his questions were based, and he denied that any of the questions were based on state or other wiretaps. This solved all wiretap problems in the absence of a further showing by the Taulbees.

■ Other questions hinted at by the Taulbees are of no merit. The grant of immunity was a full and adequate substitute for the Fifth Amendment privilege. Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). There is no apparent defect in the justice department's authorization of the immunity request.

The contempt orders are affirmed.