John L. MANRY, Plaintiff-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE and Michael Sassi, District Director of Internal Revenue Service for Northern California, and Louisiana Pacific Fiberboard Corp., and its agents Al Bebout and Bruce Kundert, Defendants-Appellees.

No. 83–2582.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 19, 1985 *.

Decided April 2, 1985.

---

* The panel is unanimously of the opinion that oral argument is not required in this case. Fed.

R.App.P. 34(f).

John Manry, pro se.

Glenn L. Archer, Jr., Michael L. Paup, Ann Belanger Durney, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before GOODWIN, NELSON and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

John Manry (Manry) brought this *pro se* action for injunctive relief against his employer, Louisiana Pacific Fiberboard Corporation, and the IRS to stop his employer from taking withholding out of his paychecks. The IRS was served with an order to show cause why a preliminary injunction should not be granted. A preliminary injunction hearing was set for September 9, 1983. The IRS responded by filing a motion to dismiss and a motion to shorten time for the hearing on its motion to dismiss. On September 1, the district court granted the motion to shorten time, setting argument on the motion to dismiss for September 9 with the preliminary injunction hearing. In serving Manry with its motion to dismiss by mail the IRS put the wrong zip code on the envelope. Manry received the motion to dismiss on the afternoon of September 7. Manry appeared at the September 9 hearing. The district court granted the IRS's motion to dismiss. When Manry complained that he did not receive the IRS's motion until the day before, the district judge responded: "Sorry, sir. We don't treat you any different because you don't have an attorney."

Fed.R.Civ.P. 6(d) provides in part:

A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing unless a different period is fixed by these rules or *by order of the court*. Such an order may for cause shown be made on ex parte application.

(Emphasis added). In this case the district court did not set a shorter period of time for service under Rule 6(d). The order to shorten time related to the 28 day minimum between notice and hearing provided for in Northern District of California Local Rule 220-2. When the district judge granted the motion to shorten time on September 1, he could not have anticipated that Manry would not be served with the motion to dismiss until September 7. When Manry called the problem to the court's attention on September 9, nothing was done.

This court has recognized the power of a court to shorten time under Rule 6(d) in grand jury situations. *United States v. Taulbee*, 476 F.2d 804, 805 (9th Cir.1973); *United States v. Fitch*, 472 F.2d 548, 549 (9th Cir.), *cert. denied*, 412 U.S. 954, 93 S.Ct. 3003, 37 L.Ed.2d 1007 (1973); *United States v. Weinberg*, 439 F.2d 743, 746–47 (9th Cir.1971). The reasoning of these decisions, however, does not extend to this case in which no order shortening time under Rule 6(d) was issued regarding the IRS's motion to dismiss. *Cf. Swallow*

*v. United States*, 380 F.2d 710, 711–12 (10th Cir.1967), (notice to a *pro se* movant who desired to present testimony by a physician in support of his motion to set aside a default judgment was not adequate where it was mailed to the movant by the court two days before the hearing and received by him the day before the hearing); *Graham v. Houston Independent School District*, 335 F.Supp. 1164, 1168 (S.D.Tex. 1970) (motion to dismiss not considered by the court because of non-compliance with Rule 6(d)); *In re Stephens*, 211 F.Supp. 201, 202–03 (S.D.Tex.1961) (same). When the district court has not issued an order shortening time under Rule 6(d), service must comply with the five-day minimum of Rule 6(d) unless a shorter period is substituted by the Federal Rules of Civil Procedure. Service upon Manry in this case did not meet these requirements.

REVERSED.