In re Samuel **BOTTARI**, a/k/a Santo Bottari, Appellant.

No. 71–1397.

United States Court of Appeals,
First Circuit.

Heard Jan. 5, 1972.

Decided Jan. 7, 1972.

Joseph J. Balliro, Boston, Mass., for appellant.

Albert F. Cullen, Jr., Special Attorney, U. S. Department of Justice, with whom James N. Gabriel, U. S. Atty., and Edward F. Harrington, Special Atty., U. S. Department of Justice, were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Appellant Bottari on December 21, 1971 was summoned before a grand jury, but refused to testify on the basis of possible self-incrimination and other related constitutional grounds. He was thereupon granted transactional immunity pursuant to 18 U.S.C. § 2514. He again refused. On December 23 the United States Attorney brought him before the district court and moved that he be ordered to testify, on penalty of contempt. Appellant responded with a written "Proffer of Testimony." In this he stated that he would respond to questions, "conditioned" upon the government's promising him a transcript of the questions and answers following his appearance before the grand jury, and, provided that he was furnished in advance with "the approximate time and place, other relevant circumstances and content of any statements in the possession of the government if said statements are concerned with or relevant to the subject matter that Samuel Bottari is to be questioned about before the Grand Jury." The court declined to order compliance with either of these conditions and, upon appellant's renewed refusal, ordered him "committed to the custody of the Attorney General for con-finement at a suitable place until such time as he is willing to answer questions . . . for a total period not to exceed . . . the term of said Grand Jury." (hereafter "sentence.") Execution of sentence was postponed pending the hearing of this appeal. The appeal has now been briefed and orally argued. We find it without merit.

No constitutional issue remains now that full transactional immunity has been granted. Appellant attempts to say that it is not full because there still remains the possibility that he will be prosecuted for perjury should his answers merit that condemnation. In this appellant is no different from any other witness who testifies before a grand jury, or elsewhere. It is unconnected with his constitutional right. Appellant is relegated to a contention that the court's failure to grant his requests is "unfair," and an abuse of discretion.

With respect to appellant's demand that the government produce prior statements, appellant states that he meant only statements made by him. He includes, however, statements not only to government agents, but to anyone of which the government has knowledge. Even were appellant a defendant under indictment he would be entitled to such discovery only as a matter of discretion. F.R.Crim.P. 16. In respect to the matters concerning which he will be called upon to testify, because of his transactional immunity appellant never will be a defendant. Indeed, for this reason he has even less ground to impose "conditions" upon his testifying than the ordinary witness called before the grand jury. We consider his contention frivolous in the extreme.

With regard to appellant's condition that he be promised a copy of the grand jury proceedings, it may well be that if any question arises hereafter with respect to the scope of, or compliance with, appellant's transactional immunity, his testimony before the grand jury will be relevant, and appellant's possession thereof necessary for his pro-

tection. Short of such subsequent events it would be naive on the part of the court to think that appellant seeks these answers for his own protection as distinguished from attempted discovery by other persons interested in the grand jury proceedings. Indeed, the district court may well have suspected that appellant's demand for production of his prior statements was similarly motivated.

The district court's suspension of the contempt order is vacated, and said sentence is affirmed. Mandate forthwith.