**In re Aurelio Salomon ALVAREZ and Robert Castaneda, Witnesses before the Grand Jury.**

United States District Court, S. D. California.

Dec. 1, 1972.

Romualdo C. Caballero, Atty., United States Department of Justice, San Diego, Cal., for United States.

Charles M. Sevilla, Federal Defenders, Inc., San Diego, Cal., for witness Aurelio Salomon Alvarez.

James A. Chanoux, San Diego, Cal., for witness Robert Castaneda.

## MEMORANDUM ORDER DENYING DISCLOSURE OF GRAND JURY MINUTES

TURRENTINE, District Judge.

On August 8, 1972, there was ordered by this court a grant of immunity pursuant to Section 6002 of Title 18, United States Code, to Aurelio Salomon Alvarez and Robert Castaneda, witnesses who were scheduled to appear before a United States grand jury investigating violations of narcotic laws.

Castaneda was taken before the grand jury where the court's order of immunity was read and explained. Several pertinent questions were asked of Castaneda and he refused to answer some of them. For resolution of this motion, it is not necessary that the particular questions be set forth here.

Castaneda's refusal was then brought to the court's attention. At a hearing counsel for the witness Alvarez made an oral motion notifying the court that Alvarez would refuse to testify before the grand jury unless first assured that his testimony would be transcribed and unless he would thereafter be furnished with a transcript of his testimony. Castaneda joined in the motion.

In support of their motion, the witnesses cite In re Russo, 53 F.R.D. 564 (C.D.Cal.1971). Russo had been summoned to appear before a grand jury investigating possible violations of the law arising out of the publication of the Pentagon Papers. He was held in contempt after refusing to testify under a grant of immunity. Subsequently, pursuant to a motion by Russo, the court ruled that he would be purged of contempt if he testified on the condition that he be provided with a transcript of his testimony. The Government refused to agree to providing a transcript and Russo was purged of contempt. Noting that a witness is free to disclose his own testimony, the district court found that furnishing a witness with a transcript of his testimony would interfere with the grand jury function no more than does such existing practice.

██ Russo, supra, does not hold that a witness may not be compelled to testify before a grand jury unless he is promised a transcript of his testimony. Rather, Russo, supra, is consistent with the rule that the disclosure of grand jury testimony is within the sound discretion of the trial court. See United States v. Fuentes, 432 F.2d 405 (5th Cir. 1970); United States v. Wolrich, 127 F.Supp. 215 (S.D.N.Y.1955).

██ This Court is guided by the established tradition that grand jury proceedings must remain secret unless compelling necessity demands disclosure. United States v. Procter & Gamble, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077

(1958). Though rooted in history, the principle, as illustrated by the case at bar, remains viable in modern practice.

The grand jury in this case is investigating possible violations of the narcotics laws. Being familiar with the operations of narcotics dealers, this Court is aware that often those providing information to the grand jury are "mules"[1] who have been apprehended in possession of narcotics or dangerous drugs. They are subject to pressure and threats of retaliation from the dealers for whom they work and against whom indictments are sought.

While a witness before a grand jury may later verbally divulge his testimony, it is also true that he may claim, without fear of contradiction, that he gave no useful testimony. In the absence of a transcript, this denial cannot be refuted.[2]

The witnesses here are not defendants at trial nor potential defendants.[3] Neither witness has made the showing of "compelling necessity" which is required in order to breach the secrecy of the grand jury. United States v. Procter & Gamble, *supra*. To the contrary, this Court is of the opinion that furnishing transcripts to grand jury witnesses in narcotics cases would subject such witnesses to retaliation and interfere with the ability of the grand jury to obtain information. See United States v. Procter & Gamble, *supra*; Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L. Ed.2d 1323 (1959) (J. Brennan, dissenting); see In re Bottari, 453 F.2d 370 (1st Cir. 1972).

Accordingly, the motion of the witnesses Aurelio Salomon Alvarez and Robert Castaneda is denied.

It is so ordered.

---

1. A "mule", in narcotics terminology, is one who is paid to simply transport the contraband.

2. Of course, if the witness is called to testify at trial, his pretrial statements are available to the defense insofar as they relate to his trial testimony. Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), citing, 18 U.S.C. sec. 3500 (1964 ed.).

3. Should either witness be subsequently tried for perjury or some other matter to which his grand jury testimony is related, he would be entitled to move, under Rule 16(a) of the Federal Rules of Criminal Procedure, for a transcript of his grand jury testimony.