**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Barbara Jean FITCH, and Robert Keelan Meisel, Jr., grand jury witnesses, Defendants-Appellants,**

**Charles Farrell Malone, Attempted Intervenor.**

**No. 72–3074.**

United States Court of Appeals, Ninth Circuit.

Jan. 5, 1973.

William L. Osterhoudt, of Singer & Osterhoudt, Paul N. Halvonik, of Friedman, Sloan & Halvonik, Patrick S. Hallinan, San Francisco, Cal., for defendants-appellants.

A. William Olson, Asst. Atty. Gen., Robert L. Keuch, George W. Calhoun, Robert W. Merkle, Attys., Washington, D. C., James L. Browning, Jr., U. S.

Atty., David Bancroft, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before CHAMBERS, KOELSCH and WALLACE, Circuit Judges.

PER CURIAM:

Fitch and Meisel have been adjudged guilty of civil contempt (after having been granted "use" immunity) for refusal to testify before a federal grand jury. Malone, already under indictment,[1] sought to intervene. This was denied. All three appeal.

We list most of the contentions and our responses:

■ 1. That the witnesses claimed their sometime attorney had been subject to electronic surveillance by someone and they were denied an opportunity to substantiate their claim or to fully explore it.

The answer is that the government, by affidavit, made a showing that no conversations of counsel talking with the witnesses were monitored.[2] The vague and speculative affidavit of counsel required no more here. Cf. Cohen v. United States, 378 F.2d 751, 9th Cir., 1967; In Re Russo, 448 F.2d 369, 9th Cir., 1971.[3]

■ 2. That the witnesses were denied access to statements they have made.

There is no showing on the facts of an abuse of discretion. Cf. In Re Bottari, 453 F.2d 370, 1 Cir., 1972.[4]

■ 3. That the questioning of appellants was an abuse of the grand jury process in that the purpose was to prepare for trial of indictments.

In Re Russo, supra, answers the contention on the facts here. The grand jury may find more indictments.

■ 4. That appellants were not given adequate notice of hearing.

Under Russo, supra, we find the notice adequate.[5]

■ 5. That the witnesses were entitled to have their counsel along when appearing before the grand jury.

The point is well settled that a witness is not entitled to take his counsel along.

■ 6. That the grand jury was improperly constituted.

It is well established that witnesses cannot complain of the composition of a grand jury.

■ 7. That appellants were entitled to an assurance that they would receive a copy of the transcript of such testimony as they might give.

We find no abuse under Rule 6(e), Federal Rules of Criminal Procedure. See United States v. Ayers, 426 F.2d 524, 2 Cir., 1970, cert. den. 400 U.S. 842, 91 S.Ct. 85, 27 L.Ed.2d 78 (1970).[6]

■ 8. That it was error to refuse to permit Malone, already under indictment, to intervene as a party.

The district court held Malone had no standing. We agree with the dis-

---

1. Malone was indicted by the same grand jury.

2. The government's denial was addressed to the affidavits of Fitch and Meisel claiming that they had been the object of wire tap surveillance. The government has not responded directly to the attorney's affidavit, and it has maintained that this particular affidavit does not require a response. *reach?*

3. We do not read the doubtful question of whether the limited discovery of electronic surveillance now allowed at the grand jury stage should extend to all conversations by the attorney of the witness.

4. Grand jury witnesses are not allowed access to prior statements as a matter of right except for recorded testimony. See Bursey v. United States, 466 F.2d 1059 (9th Cir., 1972).

5. Rule 6(d), F.R.Civ.P., allows the district court discretion to shorten time. Here we find no abuse. Appellants have shown no prejudice from the notice, and the hearing was continued overnight from November 28 to November 29.

6. Grand jury witnesses are not entitled as a matter of right to a transcript of testimony given before the grand jury.

550

trict court that Malone, as a matter of right was not entitled to intervene. Federal Rules of Criminal Procedure, rule 12, might permit a protective order under appropriate circumstances, but that would not permit Malone to make himself a party to a civil contempt proceedings before the district court.

Ably, the appellants do make in their total of points a broad attack upon the whole grand jury system, but the law has not reached the state for which they contend.

One wonders whether the "help" of "reluctant helpers" is worth while.

But that is a policy question not consigned to us.

As indicated by previous order, the orders appealed from are affirmed.