### In re GRAND JURY WITNESS SUBPOENAS.
### No. GJ 15.

United States District Court,
S. D. Florida.
Jan. 25, 1974.

Robert W. Rust, U. S. Atty., and Lloyd Bates, Asst. U. S. Atty., Miami, Fla., for the Government.

Barry L. Garber, and Donald I. Bierman, Bierman & Sonnett, P. A., Miami, Fla., for defendants.

## MEMORANDUM OPINION

ATKINS, District Judge.

This cause has come before the Court on motions by Fernando Prio, Hugo Olazabal, Candido Pacheco and Oscar Alfonzo, witnesses subpoenaed before the United States Grand Jury, to compel the production of transcripts of their prior and future grand jury testimony. Additionally, the witnesses Olazabal, Pacheco and Alfonzo request the production of their transcribed statements which were given to law enforcement agents on various occasions. These motions have been raised against the following background.

The petitioners were subpoenaed to testify on January 11, 1974 [1] before the grand jury in connection with an investigation into the criminal tax liability of one Oswaldo Alfonzo. Petitioner Prio previously testified before the grand jury on January 4, 1973. The other petitioners testified on December 14, 1972. The testimony of these individuals has been transcribed. The government has represented to the Court that each witness in his prior appearance invoked the privilege against self-incrimination in response to questions other than those concerning his identity and employment. In addition, Prio responded to a number of questions concerning various corporations. The government informs the

---

1. Appearances by these witnesses before the Grand Jury were continued, by Order of this Court, until January 25, 1974.

Court that it will seek use immunity pursuant to 18 U.S.C. § 6001 et seq. in the event that these witnesses again invoke their Fifth Amendment privilege.

■ The threshold inquiry is whether this Court has the power to order the government to produce the requested grand jury testimony. F.R. Crim.P. 6(e) permits disclosure of matters occurring before a grand jury in limited circumstances.[2] The court may direct the disclosure of such matters "preliminarily to or in connection with a judicial proceeding . . . ." The issue of whether a grand jury proceeding is a "judicial proceeding" within the meaning of F.R.Crim.P. 6(e) was answered in the affirmative in In re Minkoff, 349 F.Supp. 154 (D.R.I.1972). This Court concurs in that conclusion.[3]

■ The decision whether to order the disclosure of grand jury testimony is one committed to the sound discretion of the trial court. United States v. Fuentes, 432 F.2d 405 (5th Cir. 1970). That decision rests on a determination of whether the policies behind the traditional veil of secrecy that surrounds grand jury proceedings will be undermined by disclosure.

The Supreme Court in United States v. Procter and Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) quoted with approval the Third Circuit's concise delineation of the reasons behind the policy of secrecy:

"(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect (sic) innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt." 356 U.S. 677, 681 n. 6, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 quoting with approval from United States v. Rose, 215 F.2d 617, 628, 629 (3d Cir. 1954).

An ever-widening rift is developing among the courts, however, concerning the application of these policy-reasons to a witness who seeks disclosure. *Compare,* Bursey v. United States, 466 F.2d 1059 (9th Cir. 1972); In re Minkoff, 349 F.Supp. 154 (D.R.I.1972); In re Russo, 53 F.R.D. 564 (C.D.Cal.1971); In re Craven, 13 Crim.L.Rep. 2100, March 30, 1973, *with,* In re Bottari, 453 F.2d 370 (1st Cir. 1972); In re Alvarez, 351 F.Supp. 1089 (S.D.Cal.1972).

---

2. F.R.Crim.P. 16(a)(3) and (b) are not applicable here. Those provisions relate only to "defendants".

3. The Court also concludes that it has the jurisdictional power to entertain this controversy. Ordinarily, a witness has no right to resort to the district court to obtain an advance determination concerning evidentiary or other matters that may arise during the grand jury proceeding or to exclude evidence to be used in such a proceeding. Such determinations are usually made in the context of a contempt proceeding. *See,* Gelbard v. United States, 408 U.S. 41, 60, 92 S.Ct. 2357, 33 L.Ed.2d 222 (1972). Although no contempt proceedings have been instituted, Bursey v. United States, 466 F.2d 1059 (9th

Cir. 1972); In re Russo, 53 F.R.D. 564 (C.D.Cal.1971); and no immunity grant has either formally been sought, In re Minkoff, 349 F.Supp. 154 (D.R.I.1972); or granted, In re Bottari, 453 F.2d 370 (1st Cir. 1972); In re Alvarez, 351 F.Supp. 1089 (S.D.Cal. 1972), the nature of the proceedings herein and the Court's construction of Rule 6(e) warrant the exercise of jurisdiction. The grand jury is an appendage of the court and the court has the inherent power to exercise some measure of control over it. *See,* Brown v. United States, 359 U.S. 41, 79 S. Ct. 539, 3 L.Ed.2d 609 (1959); In re Tierney, 465 F.2d 806 (5th Cir. 1972). The issue in this cause is sufficiently adverse to justify resolution at this point.

The Court starts with the proposition that the

". . . 'indispensible secrecy of grand jury proceedings' (citation omitted) must not be broken except where there is a compelling necessity." Procter and Gamble Co., *supra*, 356 U.S. at 682, 78 S.Ct. at 986.[4]

The witnesses contend that although they will be granted use immunity pursuant to 18 U.S.C. § 6001 et seq. they will still be exposed to possible perjury charges. 18 U.S.C. § 6002(3). Therefore, each witness asserts that he must have access to his prior grand jury testimony to avoid any "inadvertent" misstatements.

■■ The Court finds, however, that under the circumstances of this case, disclosure would be inconsistent with valid reasons for maintaining a cloak of secrecy in grand jury proceedings. The witnesses reiterate the argument set forth in *Russo*, *supra*, that the policy justification that secrecy frees a witness from apprehension that his testimony will be disclosed is not applicable where the witness himself moves for disclosure of transcribed testimony. The Court in *Russo* maintains that the privilege of non-disclosure belongs to the witness himself.[5] Important considerations exist, however, which dictate that a unilateral exercise of a privilege of disclosure of transcribed testimony not be recognized. For example, a witness may not realize the significance of his testimony at the time he seeks disclosure. Also, the witness may have been lulled into a false sense of security by a clever individual who is the target of an investigation. Contrariwise, a witness, who has obtained disclosure may then fall prey to intimidation and be compelled to furnish a copy of his testimony. As the Court in In re Alvarez, *supra*, stated:

"While a witness before a grand jury may later verbally divulge his testimony, it is also true that he may claim, without fear of contradiction, that he gave no useful testimony. In the absence of a transcript, this denial cannot be refuted." 351 F.Supp. at 1091.

In this regard it is significant to note that the person whose activities are under investigation in the instant cause was not brought to trial on an indictment in a previous case because of the disappearance of the government's main witness.

Recognition of a general "right" to disclosure of a witness's own transcribed testimony would, it seems to the Court, have a debilitating effect on the grand jury's access to information. As inroads are made on the tradition of secrecy that surrounds grand jury proceedings, witnesses may, consciously or not, hold back vital information. The Court recognizes that there exists a move "in the direction of relaxing the rigid rules of secrecy (which includes) Federal courts as well as the State courts." Palmentere v. Campbell, 205 F.Supp. 261

4. Admittedly, this sweeping language was employed in a context different from that before this Court. The Court in *Procter and Gamble* was concerned with the more prevalent problem of the availability of a witnesses' transcript to a party. The history of the grand jury process, however, reflects the broad intendment of that language. *See generally*, In re Russo, 53 F.R.D. 564 (C.D.Cal.1971).

5. Of course, under F.R.Crim.P. 6(e) as adopted in 1946, no obligation of secrecy is imposed on witnesses. See Note 2 of the Advisory Committee Notes to F.R.Crim.P. 6(e). Generally speaking, then, a witness may not be placed under an oath of secrecy. In re Grand Jury Summoned October 12, 1970, 321 F.Supp. 238 (N.D.Ohio, 1970);

Philadelphia Electric Co. v. Anaconda American Brass Co., 41 F.R.D. 518 (E.D.Pa. 1967); Palmentere v. Campbell, 205 F.Supp. 261 (W.D.Mo.1962); In re Petition for Disclosure of Evidence before October, 1959 Grand Jury, 184 F.Supp. 38 (E.D.Va.1960); In the Matter of Hearings before Committee on Banking and Currency of the United States Senate, 19 F.R.D. 410 (N.D.Ill.1956), *rev'd on other grounds*, 245 F.2d 667 (7th Cir. 1957). *But see* United States v. Smyth, 104 F.Supp 279, 280 n. 5 (N.D.Cal.1952); United States v. Owen, 11 F.R.D. 371, 373 (W.D.Mo.1951). Circumstances may exist, however, which would justify some restrictions on disclosure by witnesses. *See*, In re Grand Jury Summoned October 12, 1970, *supra*. *But see*, F.R.Crim.P. 6(e).

(W.D.Mo.1962). But any further incursions on the fortress of secrecy surrounding the grand jury must be made with an abundance of caution. For no less than the institution of the grand jury itself is at stake.

Moreover, refusal to release the transcripts will serve to make any potential subornation of perjury more difficult. Although the potential defendant in this case is aware of the ongoing investigation and is free to speak with the witnesses, he would encounter greater difficulty in piecing together a contrived defense in a complicated case without access to the transcript.

Disclosure of written transcripts of grand jury proceedings also poses a threat to the innocent target of the ongoing investigation. The verified word, in the hands of an overzealous press or an unscrupulous individual could have disastrous consequences.

■■■ The Court is also concerned about the potential flood of litigation that would ensue if a particularized need were recognized in the claim that disclosure of the transcribed testimony will avoid "inadvertent error." The petitioners' claims in this regard are no different than those of any other witness who testifies before a grand jury. In re Bottari, *supra*.[6]

■■■ With regard to the disclosure of a witness's previously transcribed grand jury testimony and testimony about to be transcribed then, the Court adheres to the principle that unless a particularized need amounting to a compelling necessity is shown, the secrecy of the grand jury proceedings shall remain inviolate.

■■■ The motion by the witnesses, Olazabal, Pacheco and Alfonzo to compel

the government to produce transcripts of their testimony given under subpoena before Internal Revenue Agents on various dates is without merit. No statutory provision exists which permits access to investigatory files at this stage of the criminal process. Also, the Freedom of Information Act, 5 U.S.C. § 552 et seq. expressly precludes access to such information. 5 U.S.C. § 552(a)(4), 7 (b)(7). *See also*, In re Bottari, *supra*.

Therefore, it is Ordered and Adjudged that the motion by the grand jury witnesses Prio, Olazabal, Pacheco, and Alfonzo to compel disclosure of their prior and future transcribed grand jury testimony is denied. It is further Ordered that the motion by the witnesses Olazabal, Pacheco, and Alfonzo to compel production of their prior statements to law enforcement officers is denied.

---

6. The Court declines to adopt an alternative solution, namely to permit access to prior testimony under a protective order which would establish a time and place for review of the transcript. This method would only increase the burden on the Court. Furthermore, the grand jury has a substantial interest in obtaining spontaneous responses from

witnesses to test their powers of recollection and credibility.

Also denial of access to prior testimony will not in any significant way frustrate the purposes behind 18 U.S.C. § 1623(d) which permits the correction of false declarations before a grand jury under certain circumstances without fear of prosecution.