**In re Leonard L. BIANCHI, Appellant.**

**No. 76–1245.**

United States Court of Appeals,
First Circuit.

Submitted July 1, 1976.
Decided Sept. 23, 1976.

Ronald J. Chisholm, Boston, Mass., on brief, for appellant.

James N. Gabriel, U. S. Atty., Boston, Mass., Gerald E. McDowell, and Stephen H. Jigger, Attys., U. S. Department of Justice, Washington, D.C., on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

Appellant was held in contempt under 28 U.S.C. § 1826 as a recalcitrant witness before a grand jury. Confinement has been stayed pending appeal.

On April 13, 1976 appellant appeared before a special grand jury for the District of Massachusetts investigating possible violations of 18 U.S.C. §§ 371, 1955 and 2. He refused to answer questions, invoking his Fifth Amendment privilege. On April 21, the district court, pursuant to a request from the United States Attorney, issued an order granting the witness "use" immunity under 18 U.S.C. §§ 6002 and 6003 and ordering him to testify. Appellant again appeared before the grand jury on April 29; he was advised of and given a copy of the court's order, but continued to invoke his Fifth Amendment privilege.

On May 5 the government filed a petition for contempt. In response to appellant's motion, the district court granted discovery of affidavits in support of legal wiretaps and disclosure of all unauthorized wiretaps, but denied appellant's requests for minutes of his prior grand jury testimony and his interviews with law enforcement officials. After hearings on May 13 and 21 appellant was held in contempt.

At the hearings appellant challenged the sufficiency of the government's wiretap affidavits, but he does not press this issue here. Appellant raises the following issues on appeal: (1) the denial of his request for copies of his prior grand jury testimony; (2) the sufficiency of the allegations in the contempt petition; (3) the government's failure to describe at the "show cause" hearing specific questions that appellant had refused to answer; (4) the adequacy of "use" immunity in light of Massachusetts' local policy of granting transactional immunity; and (5) the constitutionality of the federal statute, 18 U.S.C. § 1955, that supported the court ordered wiretap. We are not persuaded by any of appellant's arguments, and so affirm.

■ A grand jury witness has no general right to transcripts of his testimony.

*In re Bottari,* 453 F.2d 370 (1st Cir.1972). Appellants' ill-defined fear that a "slight inconsistency" between past and present testimony might subject him to perjury prosecution is unfounded. The immunity granted under 18 U.S.C. §§ 6002 and 6003 precludes the use of immunized testimony in a prosecution for past perjury, *United States v. Watkins,* 505 F.2d 545, 546 (7th Cir.1974), and appellant is not entitled to any protection for future perjury, *United States v. Chevoor,* 526 F.2d 178, 181 (1st Cir.1975).

■ Appellant's remaining four arguments were not raised in the district court. The axiom that an appellate court will not ordinarily consider issues raised for the first time on appeal, 5A Moore's Federal Practice ¶ 46.02 at 1904–1906, takes on added significance in the context of contempt. The issue at the contempt hearing was whether appellant had a "just cause" for disobeying the court's order to testify. No such justification was shown. These new claims, belatedly offered, cannot erase appellant's earlier contumacy. Denying the court of which he stands in contempt "the opportunity to consider the objection or remedy it is in itself a contempt of its authority and an obstruction of its processes." *United States v. Bryan,* 339 U.S. 323, 333, 70 S.Ct. 724, 731, 94 L.Ed. 884 (1950). Thus even if these new claims were of sufficient merit to justify appellant's continued silence, he would have to present them in the first instance to the district court. *See In re Mintzer,* 511 F.2d 471, 473 (1st Cir.1974).

■ That hindsight was unable to unearth any claim of substance is clear. The contempt petition recites that appellant was ordered to testify pursuant to 18 U.S.C. §§ 6002 and 6003, which sections provide the grant of immunity, and that appellant refused to answer questions material to the grand jury's investigation. Nothing more was needed to invoke the summary contempt procedure of 28 U.S.C. § 1826. The petition need not allege that the witness' refusal was unjustified, since the statute requires that the witness show a "just cause" why he failed to comply with the

court order. *United States v. Handler,* 476 F.2d 709, 713 (2d Cir.1973). Moreover, even if he could point to some technical defect in the contempt petition, appellant obviously had actual notice of the charge against him. *See id.* at 712.

Similarly, appellant will not be heard to complain that the government's failure to describe the specific questions he refused to answer prevented him from asserting certain defenses at the show cause hearing. Appellant knew what the questions were: he does not deny that he refused to answer them, and he can hardly deny that he was present when he refused. While a witness must be given a meaningful opportunity to present his defense at a hearing under 28 U.S.C. § 1826, *United States v. Alter,* 482 F.2d 1016, 1023 (9th Cir.1973), this summary procedure does not require meaningless formalities that would only serve to delay the proceedings. Appellant's counsel was given every opportunity to make new arguments at the hearing, but never indicated any difficulty remembering the content of the grand jury's questions or suggested any defense along these lines. Thus there was no reason for the government to read or describe the questions.

Appellant's last two claims rest on the premise that 18 U.S.C. § 1955 attempts to enforce state rather than federal law. We have recently held, however, that this statute is a proper exercise of the commerce power and is not rendered invalid by the incorporation of state law. *United States v. Morrison,* 531 F.2d 1089, 1093 (1st Cir.1976). The statute has an independent federal purpose, and is not an attempt merely to enforce state gambling laws. *See United States v. Sacco,* 491 F.2d 995, 999–1001 (9th Cir.1974). Since appellant's challenge to the wiretap order is based solely on the assumption that the statute is unconstitutional, the claim is clearly unfounded. Similarly, the claim that appellant is entitled to the broader transactional immunity that Massachusetts would grant is based on the erroneous view that the federal law is simply in aid of state law. The requirement that every sovereign, state or federal, recognize immunity granted by another sovereign, *Murphy v. Waterfront Commission,* 378 U.S. 52, 79, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964), protects appellant from the use of his grand jury testimony in any state prosecution. But neither this nor any other rule requires that the federal government, when it seeks to compel testimony, grant the same type of immunity that the state would grant if it were seeking the testimony.

*The judgment of the District Court is affirmed.*