**44**

In the Matter of MAY 1980
GRAND JURY.

Misc. No. 80–131.

United States District Court,
M. D. Pennsylvania.

May 20, 1980.

Carlon M. O'Malley, Jr., U. S. Atty., Scranton, Pa., for plaintiff.

Smith B. Gephart, Jane G. Penny, Killian & Gephart, Harrisburg, Pa., Harry H. Voigt, Eugene R. Fidell, Michael F. McBride, Leboeuf, Lamb, Leiby & McRae, Washington, D. C., for defendant.

MEMORANDUM

RAMBO, District Judge.

Thirteen persons who have been subpoenaed to testify before the May 1980 Grand Jury have moved for an order requiring disclosure to each witness of the transcript of his testimony. This court, by order dated May 15, 1980, denied said motion. This memorandum is in support of the May 15, 1980, order.

The thirteen persons subpoenaed are nuclear reactor operators at the Three Mile Island nuclear power plant. Their testimony is required as part of a grand jury proceeding inquiring into possible criminal violations in the operation of the plant. None of the thirteen persons have been indicted.

One of the reasons advanced by the witnesses in support of their request for a transcript is that any witness is subject to prosecution for perjury and that having a transcript would enable a witness to timely correct any inadvertent errors in the testimony. The witnesses allege that they have given many prior statements to other investigative bodies and that these statements are likely to be in the hands of the grand

jury. Therefore, it is necessary to compare the grand jury testimony with the prior statements to ensure against any inadvertent errors.

It appears to the court that the witnesses, if in fact their primary concern is to testify accurately and consistently before the grand jury, would be well advised to review the transcripts of their previous testimony to refresh their recollection. The witnesses have as much access to their prior statements as the grand jury. A review of those statements prior to giving grand jury testimony should prove more effective to ensure against such inadvertent errors.

▇ The witnesses cite *United States v. Lococo*, 450 F.2d 1196 (9th Cir. 1971); *In Re Russo*, 53 F.R.D. 564 (C.D.Col.1971); and *Bursey v. United States*, 466 F.2d 1059 (9th Cir. 1972) in support of their motion. This court agrees that in the *Lococo* case, *supra* at 1198, there is a footnote supporting the contention that a willingness to correct a misstatement before a grand jury is relevant to the issue of intent in a perjury charge. The decision in *Lococo*, however, does not stand for the proposition that every witness who testifies before a grand jury is automatically entitled to a copy of the transcript of his testimony to determine if any errors exist.

In the *Bursey* case, *supra*, the witnesses had been subject to repetitious questioning by more than one session of the grand jury and therefore fundamental fairness required that they be permitted to refresh their memory of their *prior* testimony before the grand jury. In the instant case, there is no prior grand jury testimony, only prior testimony before other investigative bodies. *Bursey* is clearly distinguishable from the instant case in that the witnesses in *Bursey* were being questioned repeatedly by the same investigative body, albeit different sessions, and the testimony requested and provided was *prior* grand jury testimony. Neither of these salient facts are present here.

In the *Russo* case, *supra*, the court reiterated what appears to be the underlying reasoning of those cases that support the granting of a transcript to a witness; i. e., that the policy justification that secrecy frees a witness from the apprehension his testimony will be disclosed is not applicable where the witness himself moves for disclosure of his testimony. Therefore, when a witness requests disclosure of his testimony, there is no reason to insist upon the secrecy of the grand jury proceedings. The court in *Russo*, however, appears to have made the fallacious assumption that the witnesses' reluctance to testify was the sole reason for secrecy in grand jury proceedings. The court in *In Re Grand Jury Witness Subpoenas*, 370 F.Supp. 1282, 1285 (S.D.Florida, 1974), set forth several considerations why a unilateral exercise of the privilege of disclosure of testimony should not be recognized. A witness may not realize the significance of his testimony at the time he seeks disclosure or a witness may fall prey to intimidation and be compelled to furnish a copy of his testimony. A person may verbally divulge his testimony before the grand jury but claim without fear that it was not material; with a transcript, however, the assertion of lack of materiality can easily be refuted. Refusal to release transcripts will serve to make any potential subornation of perjury more difficult thereby encouraging witnesses to testify without fear of retaliation.

The incident at Three Mile Island has been and undoubtedly will be the subject of on-going investigations affecting many individuals and some corporations. The grand jury proceedings with respect to Three Mile Island are of great interest to many people. It is important, therefore, for this court to weigh the request of the witnesses for disclosure for their own protection against the interest of the public at large in having the testimony resulting from a comprehensive investigation presented unhindered to the grand jury.

The disclosure of thirteen separate transcripts also risks the danger of revealing to others, who may be subject to these proceedings, the pattern of questioning by the prosecutor and other sources of information in the hands of the government. To main-

tain secrecy in these grand jury proceedings will eliminate even the appearance that this is a discovery ploy in disguise by other interested parties.

This court, therefore, adopts the policy enunciated in *United States v. Procter & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), that the secrecy of the grand jury proceedings will not be broken except where there is a compelling necessity, which must be shown with particularity.

No such compelling necessity has been shown by the witnesses that outweighs the considerations set forth in this opinion.

For the foregoing reasons, the motion for a transcript was denied.