

Richard A. Wright, Las Vegas, Nev., for witness.

ORDER

EDWARD C. REED, Jr., District Judge.

Fred Ferris has moved for an order compelling the U. S. Attorney to provide him with a transcript of his February 10, 1981, testimony before a Special Grand Jury, and to stay the requirement for any further testimony by Mr. Ferris before that Jury until he receives the transcript. The Government does want him to testify further.

Mr. Ferris' testimony was compelled by an immunization order pursuant to 18 U.S.C. §§ 6002–3. Said order does not protect him from prosecution for perjury. He contends that inconsistent testimony, in repeated appearances before the Special Grand Jury, could lead to such a prosecution. The desired transcript would enable him to correct any prior misstatements and, if necessary, to avail himself of the recantation provisions of 18 U.S.C. § 1623(d). In addition, it would enable his counsel to render more effective assistance.

The Government has opposed the motion. It argues that the reasons given by Mr. Ferris do not constitute the "compelling necessity" or "particularized need" that a witness must demonstrate to entitle him to a transcript of his testimony. Since Fed.R. Crim.P. 6(e)(1) forbids the imposition of an obligation of secrecy upon a grand jury witness, the Government fears that furnishing the transcript to Mr. Ferris would enable other interested persons to study the testimony. Those persons could, in effect, monitor the grand jury proceedings thereby. Further, they could subject Mr. Ferris to pressure and threats of retaliation, for they would know just what he testified.

The case of *In re Russo*, 53 F.R.D. 564 (C.D.Cal.1971) contains a learned discussion of the problem. That Court found that the witness was entitled to a transcript of his own testimony, otherwise he could not be held in contempt for refusal to testify. He had not yet testified at the time the opinion was handed down.

*Russo* noted that permitting a witness to disclose his own testimony others would not

**In the Matter of Fred FERRIS, A Witness Before The Special Grand Jury.**

**No. CIV–R–81–38–ECR.**

United States District Court, D. Nevada.

March 13, 1981.

interfere with the grand jurors' ability to deliberate and vote in secret. The fear of pressure upon the witness (if he can't obtain a transcript, other interested persons can't prove that he implicated them) is handled by pointing out that nondisclosure is a privilege of the witness himself, and not of the Government or the Grand Jury. Further, the opinion mentions that, even without a transcript, the witness is free to make full disclosure; therefore, the effect of the transcript on the secrecy of the grand jury proceedings is minimal. Finally, it points out that a transcript enables the witness' attorney to better safeguard his client's rights and interests, including the correction of mistakes in the testimony and errors in the transcription.

The Ninth Circuit considered a case involving the possibility of repetitious questioning of a grand jury witness, in *Bursey v. United States*, 466 F.2d 1059 (1972). It held that the concepts of fundamental fairness inherent in due process require that a witness be given some protection from the risks of exposure to prosecution for perjury and from deemed waiver of First and Fifth Amendment rights. One means suggested in Judge Hufstedler's opinion for the unanimous Court was that the witness' motion for a transcript of his testimony should "... be granted unless the attorney representing the grand jury can demonstrate 'some particularized and substantial reasons why this should not be allowed in a particular case.'" *Id.*, at 1080.

The Government has cited the cases of *In re Alvarez*, 351 F.Supp. 1089 (S.D.Cal.1972) and *United States v. Fitch*, 472 F.2d 548 (9th Cir. 1973) in opposing Mr. Ferris' motion. The *Alvarez* opinion holds that the trial court has discretion whether to order that a grand jury witness be promised a transcript of his own testimony. In addition, it places the burden on the witness to show "compelling necessity" to breach the secrecy of the grand jury. *Fitch* agrees that the furnishing of a transcript is not a matter of right.

This Court does not find any "compelling necessity" to have been shown by Mr. Fer-

ris. On the other hand, it also fails to find "some particularized and substantial reasons" to have been demonstrated by the Government. In exercising its discretion, however, the Court finds the reasoning set forth in the *Russo* and *Bursey* opinions to be persuasive. Mr. Ferris already has the right to disclose the contents of his testimony in front of the Special Grand Jury. The making available of a transcript of that testimony would not significantly affect the Jury's investigations and deliberations.

IT IS, THEREFORE, HEREBY ORDERED that Fred Ferris may not be compelled to testify further before the Special Grand Jury unless he, or his attorney, is provided with a transcript of his testimony before that Jury on February 10, 1981, at least seventy-two (72) hours before his next scheduled appearance. The cost of such transcript shall be borne by Mr. Ferris.