**In re Alberto DE JESUS BERRIOS, Appellant.**

**No. 83–1111.**

United States Court of Appeals, First Circuit.

Submitted April 8, 1983.

Decided April 28, 1983.

**356**

Judith Berkan, Jose Antonio Lugo, Lenore Glazer, and Pedro Varela, Hato Rey, P.R., on brief for appellant.

Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., and Earl Kaplan, Atty., Dept. of Justice, Washington, D.C., on brief for appellee.

Before CAMPBELL, Chief Judge, BOWNES and BREYER, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

The appellant is presently incarcerated as a recalcitrant witness because of his refusal to comply with an order of the district court. 28 U.S.C. § 1826.

On January 28, 1983, appellant appeared before a grand jury in San Juan, Puerto Rico, pursuant to a subpoena, and was ordered by the foreman of the grand jury to provide hair samples and to appear in a lineup. He responded to the order by reading a prepared statement refusing to respond to the inquiries of the grand jury because of various claimed constitutional deficiencies in the proceedings.

The government moved in the district court for an order requiring compliance with the grand jury's subpoena. Appellant moved to quash the subpoena and a hearing was held on January 31, 1983.

At the hearing the district court ordered appellant to provide the samples and to appear in a lineup and asked if appellant would obey the order. Through counsel, appellant responded to the question by stating that he would give his answer (presumably concerning obedience of the district court's order) to the grand jury.

The district judge stated that he was taking that response as a refusal to obey. Neither appellant nor his counsel objected to or refuted that characterization. At a subsequent hearing, he found appellant in civil contempt. This appeal followed.

Appellant makes two arguments. The first is that the district court erred in finding him in contempt before allowing him the opportunity to again appear before the grand jury to make his response to the court's order.

The argument fails for several reasons. First, the statute requires only a refusal of the court's order. It does not require that the refusal of the court's order take place before the grand jury. Indeed, it states that courts may punish refusals "upon such refusal, or when such refusal is duly brought to its attention." 28 U.S.C. § 1826(a). It thus specifically contemplates that the refusal may be made directly before the court.

Second, the only reasonable reading of the record is that appellant did refuse to obey the order. He did not agree to obey and he did not challenge the inference drawn by the district court that he was refusing to obey. Upon being directed to respond to the requests appellant had only two choices: respond to the requests or face sanctions. His response seems to be no more than an effort to establish a third option—delay. That option is not available. *Cf. In re Grand Jury Witness Weiss*, 703 F.2d 653 (2d Cir.1983) (evasive responses to court orders to respond to grand jury may be

punished as contempt). Third, appellant is free to appear before the grand jury at any time, comply with the order and be released from contempt. The fact that he is taking this appeal instead of complying, strongly supports the inference that he will not obey the order, for, if he is willing to comply, the quickest route out of jail is not an appeal but compliance. The facts of this case could lead a reasonable person to conclude that assembling the grand jury and preparing a lineup would have been futile acts. We find no fault with the district court's decision not to engage in futility. *Cf. In re Bianchi,* 542 F.2d 98, 101 (1st Cir.1976) (failure to describe specific questions contemnor refused to answer not reversible error where he knew what the questions were; no requirement of pursuing meaningless formalities).

Finally, appellant's reliance on *In re Melvin,* 546 F.2d 1 (1st Cir.1976) is misplaced. In *Melvin* the district court had ordered petitioner to appear in a lineup solely on the request of the United States Attorney and with no involvement by the grand jury. Here, the action of the United States Attorney in seeking contempt sanctions was in response to appellant's refusal to obey the grand jury's order.

■ Appellant's second argument is that the district court should have quashed the subpoena because he was improperly brought before the grand jury.

This general argument depends on several independent arguments all of which derive from appellant's detention as a material witness.

That event took place on January 17, 1983 in Green Bay, Wisconsin pursuant to an arrest warrant issued by the district court on January 14. The detention itself was based primarily on 18 U.S.C. § 3149.[1] It is the compliance with that section that appellant questions.

First appellant argues that the statute permits detention of material witnesses only to obtain their testimony in the ordinary sense, and not to obtain demonstrative evidence such as hair samples or lineup appearances. Thus, he argues the warrant was improperly issued since it was used in an effort to obtain non-testimonial evidence.

Even were we to assume, however, that the word "testimony" is used in the statute in its most literal sense, we would find no error.[2] The premise on which the arrest warrant was issued was that appellant had avoided service of several subpoenas ordering him to give *testimony* before the grand jury, thus making it "impracticable to secure his presence" in that manner. 18 U.S.C. § 3149. The affidavits presented establish sufficient basis for that aspect of the statutory test. *Bacon v. United States,* 449 F.2d at 943. And, as discussed, *infra,* the second part of the statutory test (materiality) was also sufficiently established.

---

1. 18 U.S.C. § 3149. *Release of material witnesses* If it appears by affidavit that the testimony of a person is material in any criminal proceeding, and if it is shown that it may become impracticable to secure his presence by subpoena, a judicial officer shall impose conditions of release pursuant to section 3146. No material witness shall be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and further detention is not necessary to prevent a failure of justice. Release may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.
   Read literally, this section only authorizes the release of material witnesses, not their arrest.

Specific authority to arrest material witnesses was found in federal law from 1790 to 1948. The omission of the specific authority in the 1948 code revision has been regarded as inadvertent and the authority to arrest has been found to be implied in the grant of authority to release. See *Bacon v. United States,* 449 F.2d 933, 936–939 (9th Cir.1971); S.Rep. No. 96–553, 96 Cong. 2d Sess. (1980), pp. 1084–1085.

2. The word "testimony" in 18 U.S.C. § 3149 may in fact be broad enough to include nonverbal evidence such as hair samples. We need not reach that question, however, since appellant's arrest was based on his noncompliance with earlier subpoenas which expressly sought testimony, not exemplars or appearance in a lineup.

It follows that the arrest itself was proper because it was made to secure testimony which was material and could not be obtained by subpoena.

To be sure, appellant was served after his arrest with the subpoena requiring hair exemplars and appearance in a lineup. This does not establish, however, that the earlier "testimony" subpoenas were all subterfuges, designed to obtain, not "testimony," but other forms of evidence allegedly not covered by the statute.[3]

Appellant has called to our attention nothing that would undermine the presumption of regularity and good faith attending such grand jury subpoenas. True, since appellant's arrest he has yet to be asked to give oral testimony, but it may be the grand jury has simply decided to delay questioning him until it obtains the nontestimonial evidence. Or possibly appellant's statement to the grand jury that he would give no testimony discouraged it from seeking verbal testimony for the time being. That the prosecuting attorney has as yet sought a court order only with regard to the nontestimonial subpoena furnishes insufficient reason to accord less than face value to the previous subpoenas. He left open the possibility of seeking similar orders to obtain testimony when he said "that's all we're here . . . today for." Thus, even were we to assume *arguendo* that "testimony" in 18 U.S.C. § 3149 does not embrace demonstrative evidence, we do not find appellant's arrest to have been based upon a "subterfuge."

Indeed, even if the arrest had been based on a subterfuge and even if that fact invalidated the arrest, it would not be clear that reversal would be in order, since "the illegality of the arrest does not affect the fact that . . . appellant refused to [give nontestimonial evidence] without adequate legal justification." *In re Pantojas,* 628 F.2d 701, 706 (1st Cir.1980).

The related argument that appellant was a target of the grand jury and that this fact was hidden from the magistrate who issued the arrest warrant is without merit. A key factor in determining whether an individual is a target of the grand jury is indictability. *United States v. Crocker,* 568 F.2d 1049, 1054 (3rd Cir.1977). We have no basis for believing that the grand jury had sufficient evidence before it to consider indicting appellant. Indeed the government asserts in its brief that there was not a basis for indictment.

Appellant's sole remaining argument is that there was an insufficient showing that his testimony would be material to justify his arrest. He concedes that *Bacon* holds that a "mere statement" by a responsible official is sufficient but asks us to go beyond the *Bacon* holding. We decline to do so. A heavier showing would require an exposure of the avenues of inquiry being pursued by the grand jury and thus, perhaps, inhibit its investigations.

In summary, then, we hold as follows. First, that appellant's response to the order of the district court constituted a refusal to obey that order. Second, that appellant's arrest as a material witness was proper in that the subpoenas upon which the arrest was based sought his testimony and the supporting affidavits made a sufficient showing that he was a material witness and that securing his testimony by subpoena was impracticable. Third, that no showing has been made that the arrest was a subterfuge designed to obtain non-testimonial evidence or to bring a target before the grand jury.

*The judgment of the district court is affirmed.*

---

3. See note 2, *supra.*