UNITED STATES of America

v.

**Jesus LOPEZ, Defendant.**

**No. 90 Cr. 769 (JMC).**

United States District Court, S.D. New York.

Nov. 19, 1991.

**14**

Otto G. Obermaier, U.S. Atty., S.D.N.Y., Reid Figel, Asst. U.S. Atty., New York City, for the Government.

Joel B. Rudin, New York City, for defendant.

Richard Ware Levitt, New York City, for Mariz Cruz.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

The application by Maria Cruz for disclosure of her grand jury testimony is denied.

## BACKGROUND

The second superceding indictment charges the defendant Jesus Lopez with three counts: (1) conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B) (1988); (2) possession with intent to distribute approximately five grams of heroin within 1000 feet of a school in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C) (1988); and (3) using and carrying firearms during a drug trafficking crime in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(C) (1988). Defendant filed a motion to suppress oral statements made on July 22, 1990 and physical

evidence discovered on that date. A suppression hearing is scheduled to be held on December 2, 1991.

Lopez challenges the lawfulness of the search on the ground that Maria Cruz, the tenant of the apartment where the physical evidence was discovered and where Lopez had been living, did not voluntarily consent to the search. Cruz testified on this issue and others before the grand jury.[1] Defendant subpoenaed Cruz to testify at the suppression hearing. Cruz now moves for disclosure of her grand jury testimony before proceeding with the suppression hearing.[2]

## DISCUSSION

The Supreme Court has "recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979). Disclosure, however, is permitted under narrow circumstances. Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure permits the court to authorize disclosure "preliminarily to or in connection with a judicial proceeding." The Supreme Court construes Rule 6(e)(3)(C)(i) as requiring "a strong showing of particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983). Where the grand jury has terminated, the " 'considerations justifying secrecy become less relevant, [and] a party asserting a need for grand jury transcripts will have a lesser burden in showing justification.' " *Id.* (quoting *Douglas Oil Co.*, 441 U.S. at 223, 99 S.Ct. at 1675).

To satisfy the particularized need test, the party must show that the requested material "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than

---

1. Cruz testified before the grand jury on three occasions. The grand jury excused her at her second appearance and there is no record of any testimony by Cruz on that date.

2. The Court permitted Cruz to make her application by letter to the Court, rather than by formal motion.

the need for continued secrecy, and that [its] request is structured to cover only material so needed." *Douglas Oil Co.*, 441 U.S. at 222, 99 S.Ct. at 1674. The burden of proving that the need for disclosure outweighs a continuing need for secrecy lies on the party requesting disclosure. *See City of New York v. Liberman*, 85 Civ. 4958 (MJL), slip op. at 3, 1990 WL 212900 (S.D.N.Y. Dec. 12, 1990).

The Government contends that Cruz is not entitled to her grand jury testimony because she has failed to establish a particularized need for her testimony. Cruz, however, argues that a grand jury witness need not demonstrate particularized need to obtain his or her grand jury testimony. Cruz principally relies on the D.C. Circuit's decision *In re Sealed Motion*, 880 F.2d 1367 (D.C.Cir.1989) (per curiam). The D.C. Circuit held that "a grand jury witness has a general right to a transcript of such testimony absent the government demonstrating countervailing interests which outweigh the right to release of a transcript." *Id.* at 1373.

The D.C. Circuit's decision conflicts with the rule in this circuit. In *Executive Securities Corp. v. Doe*, 702 F.2d 406, 408–09 (2d Cir.1983), the Second Circuit explicitly stated that "witnesses do not have the prerogative to effect the release of transcripts of their own grand jury testimony." *Id.* at 408–09. The Seventh and Fourth Circuits also require grand jury witnesses to establish particularized need to obtain their testimony. *See United States v. Clavey*, 565 F.2d 111, 114 (7th Cir.1977), *cert. denied*, 439 U.S. 954, 99 S.Ct. 351, 58 L.Ed.2d 345 (1978); *Bast v. United States*, 542 F.2d 893, 895 (4th Cir.1976).

The Supreme Court has not ruled on this precise issue. However, in his dissenting opinion in *United States v. John Doe, Inc. I*, 481 U.S. 102, 107 S.Ct. 1656, 95 L.Ed.2d 94 (1987), Justice Brennan stated that a grand jury witness does not have an automatic right to his testimony. *See John Doe, Inc. I*, 481 U.S. at 125, 107 S.Ct. at 1669 (Brennan, J., dissenting). In *John Doe, Inc. I*, the Supreme Court held that Rule 6(e) of the Federal Rules of Criminal Procedure does not prohibit disclosure of grand jury materials in the civil phase of a dispute to the attorney who conducted the criminal prosecution. *See id.* at 108, 107 S.Ct. at 1660. The Supreme Court's holding was based on the plain meaning of the word "disclosure." The Court reasoned that a government attorney's "solitary reexamination of material in the privacy of ... [his] office" did not constitute "disclosure." *Id.*

Justice Brennan disagreed with the majority's interpretation of the word disclosure. In support of his position, he pointed to the rule regarding disclosure to a grand jury witness of his own testimony:

> [T]he Court's assumption that "disclosure" does not occur when a party seeking to utilize information is already in legitimate possession of it is belied by the *"well settled rule that a witness is not entitled to a copy of his grand jury testimony on demand*, even though he obviously was present in the grand jury room during the receipt of evidence, since a rule of automatic access would expose grand jury witnesses to potential intimidation" by making it possible for those with power over the witness to monitor his or her testimony.

*Id.* at 125, 107 S.Ct. at 1669 (Brennan, J., dissenting) (emphasis added and omitted) (citations omitted). In support of this legal rule, Justice Brennan cited the decisions by the Seventh Circuit in *United States v. Clavey*, the Fourth Circuit in *Bast v. United States*, and the Second Circuit in *Executive Securities Corp. v. Doe. See id.* He concluded by observing that disclosure to a grand jury witness of his own testimony is regarded as " 'disclosure' ... because such a construction of the Rule furthers its basic purposes." *Id.*

While the rule stated by Justice Brennan is dicta, the majority's opinion in *John Doe, Inc. I* does not dictate that grand jurors, as well as government attorneys, be afforded automatic access to discovery of grand jury proceedings. To be sure, the grand jury witness, like the government attorney who participated in the grand jury investigation, is not a stranger to the grand jury proceed-

ings. Nevertheless, disclosure to a grand jury witness of his testimony poses risks of further disclosure that are absent when disclosure is made to a government attorney.

■ Justice Brennan recognized that such disclosure could open the door for intimidation of grand jury witnesses and discourage them from testifying. *See John Doe, Inc. I,* 481 U.S. at 125, 107 S.Ct. at 1669 (Brennan, J., dissenting). Disclosure also poses the risk that defendants will obtain discovery of grand jury testimony. Judge Learned Hand eloquently explained the basis for refusing a defendant's request to inspect all grand jury minutes:

> It is said to lie in discretion, and perhaps it does, but no judge of this court has granted it, and I hope none ever will. Under our criminal procedure the accused has every advantage.... Why in addition he should in advance have the whole evidence against him to pick over at his leisure, and make his defense, fairly or foully, I have never been able to see....

*United States v. Garsson,* 291 F. 646, 649 (S.D.N.Y.1923); *see Campbell v. Eastland,* 307 F.2d 478, 487 n. 12 (5th Cir.1962), *cert. denied,* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963). Since the Supreme Court in *John Doe, Inc. I* did not consider these additional concerns, the Court is unwilling to extend the Supreme Court's decision to grand jury witnesses. Therefore, the Court finds that to obtain his or her testimony, a grand jury witness must establish particularized need for it, which is not outweighed by the public's interest in secrecy. *See Executive Secs. Corp.,* 702 F.2d at 408–09.

■ Turning to the instant case, Cruz seeks to review her grand jury testimony to avoid inconsistencies in her testimony at the suppression hearing which could expose her to a perjury prosecution. The Second Circuit has stated that particularized need "refers to the ability of the party seeking disclosure to obtain the information he seeks from sources other than the protected source." *United States v. Moten,* 582 F.2d 654, 663 (2d Cir.1978). In this case, Cruz has access to her grand jury testimony—she presented the testimony and can rely on her own recollection of the statements she made. While the passage of time and the stress of testifying may have dulled Cruz's recollection, she testified on matters of which she was intimately familiar. In any event, Cruz's concern that she will render inconsistent testimony at the suppression hearing is no different from that of any other grand jury witness who testifies on more than one occasion.[3] Were the Court to find that a grand jury witness' request to review his or her transcript to avoid giving inconsistent testimony constituted particularized need would render the particularized need test meaningless, since every grand jury witness could claim a need on this basis.

In any event, the Court finds that there are countervailing interests in maintaining secrecy that outweigh the minimal need asserted by Cruz for her testimony. Generally, once the grand jury has returned an indictment the concern for secrecy is lessened. *See In re Grand Jury,* 583 F.2d 128, 130–31 (5th Cir.1978). However, the Government explains that there is a continuing need to maintain grand jury secrecy because Cruz's testimony went beyond the charges in the indictment, and disclosure would pose serious risks to an ongoing investigation. The Government also raises the concern that disclosure to Cruz may unfairly benefit Lopez by providing him with discovery of the elements of the Government's case against him. Justice Brennan recognized that providing a grand jury witness with his or her testimony poses the risk of disclosure to others who have control over the witness. *See John Doe, Inc. I,* 481 U.S. at 125, 107 S.Ct. at 1669.

3. Cruz's concern regarding the truthfulness of her prior testimony is belied by her failure to avail herself of her right to review and recant her former testimony under 18 U.S.C. § 1623(d) (1988). In addition, contrary to Cruz's assertion, the Court finds that the Government did not threaten Cruz with a perjury prosecution. At the conclusion of Cruz's grand jury testimony, the Government merely advised Cruz of her right to review and recant her testimony.

In sum, the Court finds that the competing interests lie in favor of nondisclosure. Cruz has not satisfied her burden in demonstrating a particularized need for her testimony that outweighs the public's interest in maintaining secrecy. Accordingly, Cruz's application for access to her grand jury testimony is denied.

## CONCLUSION

Maria Cruz's application for her grand jury testimony is denied.

SO ORDERED.