**In re GRAND JURY PROCEEDING**

**No. MISC. 06–57.**

United States District Court,
District of Columbia.

May 1, 2006.

*MEMORANDUM OPINION*

THOMAS F. HOGAN, Chief Judge.

Pending before the Court is the Petitioner's Motion to Compel Production of Transcript of Prior Grand Jury Testimony filed on February 10, 2006. For the reasons set forth below, and as stated at the closed hearing held on March 1, 2006, the Court denies the motion in its entirety.

## BACKGROUND [1]

This matter involves an active and ongoing grand jury investigation of certain actions by a corporation. Petitioner is the Assistant Corporate Secretary of the corporation's legal department and in the spring of 2004, served as the Custodian of Records for the corporation in connection with its production of documents for the grand jury investigation. Petitioner testified before the grand jury in the District of Columbia in November 2005. Petitioner's November 2005 testimony lasted approximately one hour and concerned the corporation's spring 2004 document production to the grand jury. According to the Government, Petitioner is not a target of the investigation.

On February 3, 2006, Petitioner was again subpoenaed to appear before the grand jury on March 1, 2006. According to the Government, Petitioner is being called to testify regarding matters not previously addressed in her earlier appearance. Petitioner has moved to compel the Government to disclose the transcript of her previous grand jury testimony pursuant to Rule 6(e)(3)(E)(I) [2] of

---

1. Because this matter relates to an ongoing grand jury investigation that is under seal, the Court has omitted any facts that would reveal protected information.

2. This rule states that "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding." Fed. R.Crim.P. 6(e)(3)(E)(i).

the Federal Rules of Criminal Procedure ("Fed. R.Crim.P.").

## ANALYSIS

It is well established that grand jury secrecy is inviolable "except where there is a compelling necessity" for disclosure. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) (noting that the "'indispensable secrecy of grand jury proceedings' . . . must not be broken except where there is a compelling necessity" (quoting *United States v. Johnson*, 319 U.S. 503, 513, 63 S.Ct. 1233, 87 L.Ed. 1546 (1943))). Indeed, the United States Supreme Court has emphasized that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). Circumstances nevertheless may exist in which the inviolable policy of secrecy is outweighed by a compelling need that warrants disclosure. *Procter & Gamble*, 356 U.S. at 682, 78 S.Ct. 983. The Supreme Court has held that such a requisite need must, however, be shown with particularity. *Id.; United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983).

■ Fed.R.Crim.P. 6(e) governs the circumstances in which grand jury materials may be disclosed notwithstanding the countervailing policy of grand jury secrecy. *See Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 398, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959). When a witness comes forward to request disclosure of grand jury material in accordance with Rule 6(e), the witness carries the burden of showing that a particularized need exists that outweighs the policy favoring secrecy. *Douglas Oil*, 441 U.S. at 223, 99 S.Ct. 1667; *Pittsburgh Plate Glass*, 360 U.S. at 400, 79 S.Ct. 1237. The court must then carefully weigh the competing interests giving due consideration to the relevant facts and standards. *Douglas Oil*, 441 U.S. at 223, 99 S.Ct. 1667. The ultimate decision about whether to disclose grand jury material is, however, subject to the Court's substantial discretion. *Id.* ("[W]e emphasize that a court called upon to determine whether grand jury transcripts should be released necessarily is infused with substantial discretion."); *Pittsburgh Plate Glass*, 360 U.S. at 399, 79 S.Ct. 1237 (noting that "the federal trial courts as well as the Courts of Appeal have been nearly unanimous in regarding disclosure as committed to the discretion of the trial judge").

■ The Petitioner moves for disclosure pursuant to Fed.R.Crim.P. 6(e)(3)(E)(I) by arguing that the decision in *In re Sealed Motion*, 880 F.2d 1367 (D.C.Cir.1989), is controlling and establishes a presumptive right to disclosure when a witness seeks his or her own grand jury testimony.[3] (Pet'r.Mem.Supp.Mot.2). According to Petitioner, the Government can overcome the witness' presumptive right to disclosure only if it shows that countervailing interests outweigh this presumptive right. *Id.* Alternatively, Petitioner argues that even if the Court finds that *In re Sealed Motion* does not establish a presumptive right to disclosure of one's own grand jury testimony, Petitioner is nevertheless entitled to the transcripts of her prior grand jury testimony because she can demonstrate a particularized need for that testimony. *Id.* at 5. The Petitioner states that she has a "particularized need and interest in avoiding unintentional, honest, inconsistencies in testimony" to avoid exposure to perjury charges. *Id.* In support

---

**3.** The established line of Supreme Court precedent cited above requiring witnesses to demonstrate a particularized need to secure transcripts of grand jury testimony involve situations in which a moving party seeks the disclosure of a third party's grand jury testimony and not their own testimony. *See, e.g., Sells Eng'g*, 463 U.S. at 420, 103 S.Ct. 3133 (addressing the question of when Civil Division of the United States Department of Justice may obtain grand jury materials compiled by other Department of Justice attorneys for purpose of preparing and pursuing a civil lawsuit); *Douglas Oil*, 441 U.S. at 216, 99 S.Ct. 1667 (plaintiffs in civil antitrust lawsuit sought disclosure of grand jury testimony provided by defendants' employees); *Pittsburgh Plate Glass*, 360 U.S. at 396, 79 S.Ct. 1237 (convicted defendants challenged court's refusal to disclose grand jury testimony of key government witness); *Procter & Gamble*, 356 U.S. at 678, 78 S.Ct. 983 (defendants in civil antitrust suit sought access to same grand jury minutes used by government to prepare for trial).

of her contention, Petitioner states that the key events of the case occurred nearly two years ago and that her prior testimony was provided last year. *Id.*

The Government argues that *In re Sealed Motion* does not provide for a presumptive right to obtain one's prior grand jury testimony transcript and that its holding applies only in the context of an Independent Counsel Act investigation and the requirement for a public report of that investigation. (Gov't Opp. 7) The Government distinguishes that case by pointing to the fact that in that case, a public report had to be filed even when no indictments were brought and thus the court determined that individuals named in the report must be provided with the transcripts to aid them in responding to the report. *Id.* Further, the Government states that in that case the court considered whether to release a transcript to a witness in a *closed* case and, thus, there were no threats to a live investigation, in contrast to the instant case. *Id.* at 8. The Government argues that the holding in *In re Sealed Motion* should not be applied broadly to all grand jury matters. The Government also argues that even if the standards set forth in *In re Sealed Motion* do apply, this case can be distinguished because here the Government's interest in continued confidentiality of an active, ongoing investigation outweighs Petitioner's need to obtain a copy of her transcript. *Id.* at 9

The Court agrees with the Government that the decision in *In re Sealed Motion* does not reach as far as Petitioner posits. Although the court in *In re Sealed Motion* held that a grand jury witness was entitled to a transcript of his own grand jury testimony "absent a clear showing by the government that other interests outweigh the witness' right to such transcript[,]" that holding was limited to "a grand jury witness *named in an independent counsel's report.*" *In re Sealed Motion,* 880 F.2d at 1371 (emphasis added). Indeed, that decision turned on the *sui generis* nature of the now defunct Independent

Counsel Act and its requirement that the Independent Counsel file a report that could be made public even though no indictment was returned. *Id.* at 1369. Because the grand jury proceeding from which Petitioner now seeks disclosure was not formed pursuant to the Independent Counsel Act, and is an active, ongoing investigation from which no report will be issued or publicized, it is the Court's view that the limited holding in *In re Sealed Motion* providing a witness with a presumptive right to disclosure does not apply to Petitioner's situation.[4] *See also Davis v. United States,* 641 A.2d 484, 491–92 (D.C.1994) (finding that *In re Sealed Motion* is limited to grand juries convened pursuant to Independent Counsel Act and applying particularized need analysis).

■ Accordingly, the Petitioner must show a particularized need for disclosure of the transcript that outweighs the need for grand jury secrecy. The Petitioner has failed to make such a showing. In *In re Sealed Motion,* although the court stated in that context the witness did not have to show a particularized need, the court nevertheless found that the witness met that standard, citing the following factors: a report would be published concerning the investigation, the witness had been subject to extensive questioning on two separate occasions, the witness' testimony was central to the factual and legal controversy at issue, and the implications of all of these facts on the witness' reputation. *In re Sealed Motion,* 880 F.2d at 1377–78. Here, in contrast, the Petitioner's grand jury appearance was for only one hour, concerning information about which she lacks personal knowledge, but rather information that has arisen out of her role as Custodian of Records, and only a little over three months has elapsed since she gave her original testimony. Further, unlike *In re Sealed Case,* the need for grand jury secrecy is greater in the instant case as the investigation is still active and ongoing. The need articulated by Petitioner, namely to avoid

---

4. The Court's determination that there is no presumption that a witness have access to his own grand jury testimony is bolstered by Justice William J. Brennan, Jr.'s dissent in *United States v. John Doe, Inc. I,* 481 U.S. 102, 125, 107 S.Ct. 1656, 95 L.Ed.2d 94 (1987) (Brennan, J., dissent-

ing), in which he quoted the United States' brief for " '[t]he well-settled rule that a witness is not entitled to a copy of his grand jury testimony on demand, even though he obviously was present in the grand jury room during the receipt of evidence ....' "

any unintentional, honest inconsistencies in her upcoming testimony and to avoid any unfair exposure to perjury charges, is not sufficiently particularized or compelling to outweigh the need for grand jury secrecy. *See e.g., In re Grand Jury Subpoena,* 72 F.3d 271, 275–76 (2d Cir.1995) (finding no particularized need where witness had 4–year lapse between grand jury appearances and was afraid of perjury prosecution exposure); *United States v. Lopez,* 779 F.Supp. 13, 16 (S.D.N.Y.1991) (finding need to avoid inconsistent testimony is not particularized and would render particularized need standard meaningless because every grand jury witness could claim need on this basis).

## CONCLUSION

Having found that in order to compel disclosure of her prior grand jury transcript Petitioner must show a particularized need that outweighs the need for grand jury secrecy, and that Petitioner's articulated need to avoid inconsistent statements is not sufficiently compelling or particularized to outweigh the need for grand jury secrecy in an active and ongoing investigation, the Court will deny Petitioner's request for an order compelling production of the transcript of her prior grand jury testimony.

## *ORDER*

Pending before the Court is the "Motion to Compel Production of Transcript of Prior Grand Jury Testimony." For the reasons stated during the hearing that took place on March 1, 2006, and in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the motion is **DENIED.**

**SO ORDERED.**

